FILED
MAY 15 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SANDRA WATSON
1171 Old York Rd.
Abington, PA 19006

   Plaintiff

vs.

UNITED STATES OF AMERICA

**Serve:**
Alberto Gonzales, Esquire
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

   and

Kenneth L. Wainstein, Esquire
United States Attorney for the
 District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

   and

Earl A. Powell III, Director
National Gallery of Art
2000B South Club Drive
Landover, MD 20785

   Defendant

Civil Action No. _____

CASE NUMBER  1:06CV00913
JUDGE: James Robertson
DECK TYPE: Personal Injury/Malpractice
DATE STAMP: 05/15/2006

## COMPLAINT

  Plaintiff, Sandra Watson, by counsel Steven M. Pavsner, Steven B. Vinick and Joseph, Greenwald & Laake, P.A., sues the defendant United States of America, and as grounds states:

**Joseph
Greenwald
& Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

1

## JURISDICTION AND VENUE

1. This case arises under the Federal Tort Claims Act, (FTCA) and the law of the District of Columbia. Jurisdiction is founded on 28 U.S.C. § 1346(b).

2. Venue lies in this judicial district, as this is the district where the act or omission complained of occurred.

## PARTIES

3. Plaintiff Sandra Watson ("Mrs. Watson") is an adult resident and domiciliary of the State of Pennsylvania.

4. Defendant United States of America owns and operates the National Gallery of Art where the incident complained of occurred.

## FACTS

5. On or about May 15, 2003, Mrs. Watson was visiting the National Gallery of Art, in Washington, DC. While walking toward the West Garden Court, exercising due care for her own safety, she fell down a two step drop, severely injuring her left leg.

6. The area in which Mrs. Watson fell was unreasonably dangerous, in that the two-step drop was visually deceptive, unmarked at the time of the accident, and without handrails or warning.

7. Defendant was negligent in maintaining the area of in which plaintiff fell without markings, handrails or warning.

8. As a direct and proximate result of defendant's negligence, Ms. Watson was caused to and did incur serious personal injury, including but not limited to left sided fibula fracture and left sided posterior malleolar fracture as well as a right sided sprain. She

**Joseph Greenwald & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

underwent an open reduction and internal fixation of the left fibula requiring the use of hardware. She incurred substantial pain and suffering as a result of her injuries, as well as medical and related expenses, and loss of income.

### CONDITION PRECEDENT SATISFIED

9. Before bringing this action, on April 27, 2004, Mrs. Watson timely served notice of her claim on the appropriate federal agency, the National Gallery of Art. To date, the National Gallery of Art has not denied Mrs. Watson's claim, but neither has it offered a fair or reasonable settlement thereof.

WHEREFORE, the premises considered, plaintiff demands judgment against the defendant in the amount of One Hundred Thousand Dollars ($100,000), plus interest and costs.

JOSEPH, GREENWALD AND LAAKE, P.A.

By: _____
Steven M. Pavsner, Bar No. 912220
Steven B. Vinick, Bar No. 439359
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
spavsner@jgllaw.com
svinick@jgllaw.com
301-220-2200 (telephone)
301-220-1214 (facsimile)
*Counsel for Plaintiff*

**Joseph Greenwald & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214