IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA WATSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>) | Civil Action No. 06-0913 (JR) |

**JOINT RULE 16.3 REPORT**

The parties have conferred in accordance with Local Civil Rule 16.3(c). Accordingly, the parties file the following report:

Joint Statement of the Case: While visiting the National Gallery of Art on May 15, 2003, Plaintiff, Sandra Watson, alleges that she fell down a two-step down drop in the West Garden Court and as a result was injured. Plaintiff alleges that her injury was caused by the Gallery's negligence because the two-step drop was not marked with any warnings and was visually deceptive. She seeks $100,000 in damages.

1. Dispositive Motions: The parties do not believe this case will be resolved by a pre-discovery dispositive motion, although defense counsel believes that after discovery, a dispositive motion may be appropriate.

2. Joinder/Amendment/Narrowing: The parties do not anticipate the necessity to join third parties or to amend the pleadings.

3. Assignment To Magistrate Judge: The parties do not consent to assignment of this case to a magistrate judge for all purposes.

4. <u>Settlement Possibility</u>: The parties believe there is a reasonable possibility of settlement in this case.

5. <u>Alternative Dispute Procedures</u>: The parties agree that this case could benefit from the Court's ADR process prior to the commencement of discovery.

6. <u>Dispositive Motions</u>: Plaintiff does not believe that this case can be resolved by dispositive motion. Defendant's position is that after discovery, a dispositive motion may be filed. Defendant suggests that any post-discovery dispositive motion should be filed within 45 days after the close of discovery, that any opposition to that motion should be filed within 14 days of the filing of the dispositive motion, and that any reply to the opposition should be filed within 14 days of the filing of the opposition.

7. <u>Initial Disclosures</u>: The parties propose that the exchange of initial disclosures authorized under F.R.Civ.P. 26(a)(1) should occur within 14 days after the conclusion of mediation.

8. <u>Discovery</u>: The parties propose that the Court should refer this matter for mediation for a period of sixty (60) days. Thereafter, the parties will appear before the Court to determine an appropriate scheduling order. In the event the Court should enter a discovery schedule at this time, the parties propose that discovery should proceed in accordance with the attached proposed Scheduling Order. Any written discovery requests should be limited to 25 requests and the parties should be limited to 5 depositions each. The parties do not believe that a protective order is necessary at this time, although it may be necessary for the parties to subsequently seek one.

9. <u>Experts</u>: The parties do not anticipate the need for expert testimony, although their positions may change during the course of discovery in this case.

10. <u>Class Action Procedures</u>:  Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>: The parties do not see any need for bifurcation at this time.

12. Proposed Date For The Pretrial Conference: The parties believe that a pretrial conference should be set within 60 days following the close of discovery, or if a dispositive motion is filed, within 60 days following the ruling on such motion.

13. Trial Date: Should a trial be necessary in this case, the parties propose that the date should be set at the pretrial conference.

14. Other Matters: None.

Respectfully submitted,

   s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

   s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney

United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 307-0372
COUNSEL FOR DEFENDANT

   s/ Steven M. Pavsner
STEVEN M. PAVSNER, D.C. BAR #912220
Joseph, Greenwald, Laake, P.A.
6404 Ivy Lane – Suite 400
Greenbelt, MD 20770
COUNSEL FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SANDRA WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0913 (JR) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>PROPOSED INITIAL SCHEDULING ORDER</u>**

UPON CONSIDERATION of the parties' Joint Rule 16.3 Report and the entire record herein, it is this ____ day of _____, 2006 hereby,

ORDERED that the parties shall abide by the following dates, deadlines and limitations:

Parties are limited to five depositions.

Parties are limited to serving 25 discrete interrogatories, requests for the production of documents and requests for admissions.

| | |
|---|---|
| Close of all discovery: | 180 days from the date of this Order. |
| Deadline for filing dispositive motions: | 45 days after close of discovery. |
| Deadline for filing opposition to dispositive motions. | 14 days after the filing of dispositive motions. |
| Deadline for filing reply to opposition to dispositive motions: | 14 days after the filing of the opposition to dispositive motions. |
| Pretrial Conference: | 60 days after Court rules on post-discovery dispositive motions. |

IT IS SO ORDERED.

Date: _____  _____
JAMES ROBERTSON
UNITED STATES DISTRICT JUDGE